## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **GEOVANNI ALVAREZ-RODRIGUEZ,** <br> **TDCJ No. 02437359,** | § <br> § <br> § | |
| **Petitioner,** | § <br> § <br> § | |
| **v.** | § <br> § | **CIVIL NO. SA-25-CA-0308-FB** |
| **ERIC GUERRERO, Director,** <br> **Texas Department of Criminal Justice,** <br> **Correctional Institutions Division,** | § <br> § <br> § <br> § <br> § | |
| **Respondent.** | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* petitioner Geovanni Alvarez-Rodriguez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and respondent Eric Guerrero's Answer (ECF No. 9) thereto. In his § 2254 petition, petitioner challenges the constitutionality of his 2021 state court conviction for aggravated sexual assault of a child, arguing, among other things, that (1) he received ineffective assistance from his conflicted trial counsel, (2) he was denied the right to a fair and impartial jury, and (3) the prosecution committed misconduct during the trial by attempting to discuss pending federal charges against him. In his answer, respondent contends petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with respondent that petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. **Background**

In August 2021, petitioner was convicted by a Kendall County jury of aggravated sexual assault of a child and sentenced to forty years of imprisonment. *State v. Alvarez-Rodriguez*, No. 7830 (451st Dist. Ct., Kendall Cnty., Tex. Aug. 25, 2021).[1] The Texas Fourth Court of Appeals affirmed his conviction on direct appeal. *Alvarez-Rodriguez v. State*, No. 04-21-00417-CR, 678 S.W.3d 317 (Tex. App.—San Antonio, Aug. 16, 2023, no. pet.).[2] Petitioner did not file a timely petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.[3]

Instead, petitioner challenged the constitutionality of his state court conviction by filing an application for state habeas corpus relief on September 23, 2024. *Ex parte Alvarez-Rodriguez*, No. 96,196-01 (Tex. Crim. App.).[4] The Texas Court of Criminal Appeals denied the application without a written order on December 18, 2024.[5] Thereafter, petitioner placed the instant federal habeas petition in the prison mail system on March 19, 2025.[6]

---

[1] ECF No. 7-1 at 122-24 (Judgment).

[2] ECF No. 7-19 (Opinion).

[3] *See* http://www.search.txcourts.gov, search for "Alvarez-Rodriguez, Geovanni" last visited July 24, 2025.

[4] ECF No. 7-24 at 25-43 (Application).

[5] ECF No. 7-26 (Action Taken).

[6] ECF No. 1 at 15.

## II.  Timeliness Analysis

Respondent contends petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d).  Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, petitioner's conviction became final September 15, 2023, when the time for filing a PDR with the Texas Court of Criminal Appeals expired.  *See* Tex. R. App. P. 68.2 (providing a PDR must be filed within thirty days following entry of the court of appeals' judgment); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (holding that when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30–day period in which he could have filed the petition) (citation omitted).

As a result, the limitations period under § 2244(d) for petitioner to file a federal habeas petition challenging his underlying conviction and sentence expired a year later on Monday, September 16, 2024.[7]  Because petitioner did not file his § 2254 petition until March 19, 2025—six months after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

### A.    Statutory Tolling

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C.

---

[7]  Because the end of the limitations period fell on a Sunday, the limitations period continued to run until the following Monday.  *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

§ 2244(d)(1). There has been no showing under § 2244(d)(1)(B) that an impediment created by the state government which violated the Constitution or federal law prevented petitioner from filing a timely petition. There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

However, petitioner may be entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed previously, petitioner challenged the constitutionality of his state court conviction in a state habeas application filed September 23, 2024, which was eventually denied by the Texas Court of Criminal Appeals on December 18, 2024. Arguably, the application of statutory tolling is precluded under § 2244(d)(2) in this case because petitioner's limitations period for filing a federal petition expired on September 16, 2024, a week before the state application was filed.

Yet, because of petitioner's *pro se* status, the prison mailbox rule would normally apply to his state habeas application. *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending mailbox rule to state habeas application delivered to prison authorities for mailing). In this case, it is unclear if the prison mailbox rule should apply since petitioner failed to certify when he placed his state application in the prison mailing system. (ECF No. 7-24 at 40-43). But given the proximity of the filing date (September 23) to the expiration of the limitations period (September 16), the Court is willing to provide petitioner the benefit of the doubt and assume he placed the application in the prison mail

system before the limitations period expired.[8]  Accordingly, petitioner's state habeas application tolled

the limitations period for a total of 87 days, making his federal petition due on December 12, 2024.

Because petitioner did not file the instant § 2254 petition until March 19, 2025, his petition is still three

months too late.

**B.       Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling.  The Supreme Court

has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable

tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569

U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Equitable tolling is only available

in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th

Cir. 2002), and is "not intended for those who sleep on their rights."  *Manning v. Epps*, 688 F.3d 177,

183 (5th Cir. 2012).

Petitioner has not replied to respondent's assertion of the limitations period, and his § 2254

petition provides no valid argument for equitably tolling the limitations period in this case.  Even with

the benefit of liberal construction, petitioner has provided no reasonable justification to this Court for

the application of equitable tolling, and a petitioner's ignorance of the law, lack of legal training or

representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional

circumstance which would warrant equitable tolling of the limitations period.  *U.S. v. Petty*, 530 F.3d

---

[8] Instead of providing prison mail logs (or any other evidence) to establish when petitioner placed his state application in the prison mail system, respondent proposes that the "most likely date" the application was signed was also, coincidentally, one day *after* the limitations period expired.  (ECF No. 9 at 3, fn2, 8).  The Court is unwilling to deny petitioner the benefit of the doubt on such unsupported speculation.

361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, petitioner fails to demonstrate that he has been pursuing his rights diligently. Petitioner's conviction became final in September 2023, yet petitioner filed nothing until September 2024 when he filed his state habeas corpus application challenging the underlying conviction and sentence. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application). Petitioner also fails to explain why he waited another three months after the Texas Court of Criminal Appeals denied his state habeas application in December 2024 before filing the instant federal petition in this Court.

Consequently, because petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could

debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds.  *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).  In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  Although the one-year statute of limitations found in the AEDPA has been in place since 1996, petitioner provided no reasonable justification for missing the filing deadline by at least three months.  Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether petitioner was entitled to federal habeas relief.  As such, a COA will not issue.

## IV.  Conclusion and Order

After careful consideration, the Court concludes that petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d).  As a result, petitioner is not entitled to federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.      Federal habeas corpus relief is **DENIED** and petitioner Geovanni Alvarez-Rodriguez's

Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH**

**PREJUDICE** as untimely;

2.      No Certificate of Appealability shall issue in this case; and

3.      All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 25th day of July, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE